IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Sakaski Robinson,<br><br>                              Plaintiff,<br><br>v.<br><br>Randerson I. Stephens, Jr.; John Prevatte; Barry Powers; Don Tempalski; and Brian McKay,<br><br>                              Defendants. | C/A No. 2:21-cv-2202-SAL<br><br><br>**OPINION AND ORDER** |

Steven Sakaski Robinson ("Plaintiff") filed the instant action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report"). [ECF No. 14.] In the Report, the magistrate judge recommends summarily dismissing this case for failure to state a claim on which relief can be granted. *Id.* at 3–7. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 8. On October 7, 2021, Plaintiff filed objections. [ECF No. 17.] This matter is ripe for review.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the

1

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). "In the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

Liberally construed, Plaintiff's Amended Complaint sets forth claims of malicious prosecution and false arrest. The Amended Complaint indicates Plaintiff was arrested in July 2017 on numerous drug-related charges, including distribution of cocaine, distribution of cocaine within a half mile of a school or park, distribution of a Schedule II controlled substance, distribution of Schedule II controlled substance within a half mile of a school, receiving stolen goods valued at $2,000 or less, possession with intent to distribute cocaine, and possession of a Schedule II controlled substance. [ECF No. 10 at 8–9.] According to Plaintiff, Defendants John S. Prevatte, Barry Powers, Don Tempalski, and Brian McKay—all members of the Fifteenth Circuit Drug Enforcement Unit—conspired to violate his Fourth and Eighth Amendment rights, which led to a malicious prosecution. *Id.* at 4. Plaintiff further alleges that Defendant Randerson I. Stephens, Jr. maliciously prosecuted Plaintiff with no probable cause and no evidence. *Id.* Plaintiff states that his federal supervised release was revoked due to the state charges against him. *Id.* at 10–11.

However, the state charges were eventually dismissed due to unavailable evidence. *Id.* at 12; [ECF No. 10-1 at 4, 11.] Plaintiff seeks monetary damages. [ECF No. 10 at 5.]

In the Report, the magistrate judge recommended summary dismissal for a number of reasons. First, as noted by the magistrate judge, Plaintiff filed this action against Stephens, a Fifteenth Circuit Solicitor in Georgetown, South Carolina; however, "[p]rosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are 'intimately associated with the judicial phase of the criminal process.'" [ECF No. 14 at 4 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).] As to the other Defendants, Plaintiff has sued them all in their official capacities as officers in the Fifteenth Circuit Drug Enforcement Unit. [*See* ECF No. 10 at 2–3.] The Report explained that "[b]ecause Defendants are agents or employees of an arm of the State of South Carolina when acting in their official capacities, they are not . . . 'persons' within the meaning of 42 U.S.C. § 1983." [ECF No. 14 at 6 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.")).]

The magistrate judge further explained in the Report that Plaintiff has failed to state a malicious prosecution claim on which relief can be granted because he had failed to show that the charges connected to his allegations had been terminated in his favor. [ECF No. 14 at 4–5.] And Plaintiff's liberally construed false arrest claim is subject to summary dismissal because he was arrested pursuant to facially valid warrants. *Id.* at 5–6.

Plaintiff offers three objections to the Report: (1) that he "clearly produce[d] documents that showed that termination in his favor by the state dismissing his case was due to no evidence that he committed an offense[,]" ECF No. 17 at 1; (2) "a state solicitor and law enforcement

3

officers does not qualify for immunity when its clear that they violated plaintiff's constitutional rights[,]" *id.*; and (3) "this District Court should not dismiss this case before further investigation that dismissal of plaintiff state case is consistence with actual innocence and this court should not dismiss this case with prejudice due to documents and facts that's consistence with actual innocence[,]" *id.* at 1-2. The court addresses each objection in turn.

Plaintiff asserts he offered documents to demonstrate the state charges were resolved in his favor. While the letters from the Fifteenth Circuit Solicitor's Office indicate the "charges were dismissed due to unavailable evidence[,]" ECF No. 10-1 at 11, as the magistrate judge points out, that termination is not indicative of Plaintiff's innocence, particularly where the charges were successfully pursued in federal court. *See Lewis v. GNC Corp.*, C/A No. 1:07-865-MBS, 2009 WL 10678204, at *2 (finding a solicitor having difficulty getting a witness was not a foundation for finding the charges were terminated in plaintiff's favor). According to the docket entries in his federal criminal case, Plaintiff stipulated that the government could prove by a preponderance of the evidence that he had violated the conditions of his supervised release by "failure to refrain from new criminal conduct." *United States v. Robinson*, 4:06-cr-1322-TLW, ECF No. 448 at 1. Plaintiff's objection is overruled.

Plaintiff also objects to the magistrate judge's finding that Defendants were entitled to immunity. He cites various cases and asserts "a state solicitor and law enforcement officers does [sic] not qualify for immunity when its clear that they violated plaintiff's constitutional rights." [ECF No. 17 at 1.] However, as set forth briefly above and explained in more detail by the magistrate judge, a prosecutor is entitled to absolute immunity when acting in the scope of his duties, and § 1983 does not allow for suits for monetary damages against officers in their official

capacities. None of the cases cited by Plaintiff undermine the reasoning and the law relied upon by the magistrate judge. Consequently, Plaintiff's objection is overruled.

Finally, Plaintiff alleges the evidence he has offered is consistent with actual innocence; thus, he objects to the dismissal of his case. The court disagrees. That Plaintiff's state charges were dismissed due to unavailable evidence does not mean Plaintiff is actually innocent of those crimes. *See United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) (holding "to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent"). Furthermore, as explained by the magistrate judge, Plaintiff's complaint is subject to summary dismissal because he has failed to state a claim on which relief can be granted and because he has raised claims against defendants who are entitled to immunity. Plaintiff's objection is overruled.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 14] is adopted in its entirety and incorporated herein. As a result, this case is summarily **DISMISSED** with prejudice[1] and without issuance and service of process.

**IT IS SO ORDERED**.

April 26, 2023
Columbia, South Carolina

s/Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Court Judge

---

[1] The magistrate judge recommended this case be summarily dismissed with prejudice since Plaintiff has already been given an opportunity to amend his Complaint and has failed to cure the deficiencies therein. [ECF No. 14 at 7 n.3.] The court agrees with the magistrate judge's reasoning and adopts it.